1

2

3

4

5

6

7                       United States District Court

8                       Eastern District of California

9

10

11 Tony Andre Sampson,

12          Petitioner,              No. Civ. S 05-1246 FCD PAN P

13      vs.                          Findings and Recommendations

14 Mark Shepherd, Warden,

15          Respondent.

16                               -oOo-

17      Petitioner, a prisoner without counsel, seeks a writ of

18 habeas corpus.  <u>See</u> 28 U.S.C. § 2254.  Respondent moves to

19 dismiss upon the ground the petition is untimely.  Petitioner

20 filed no opposition.

21      Petitioner was convicted July 24, 1995.

22      Petitioner appealed and the appellate court affirmed May 16,

23 1997.

24      August 14, 2003, petitioner filed a petition for a writ of

25 habeas corpus in the California Supreme Court.

26      December 30, 2003, petitioner filed a petition for a writ of

1  habeas corpus in the California Supreme Court.

2      April 14, 2004, the California Supreme Court denied

3  petitioner's first application for a writ of habeas corpus.

4      October 13, 2004, the California Supreme Court denied

5  petitioner's second application for a writ of habeas corpus.

6      June 22, 2005, petitioner filed a federal application for a

7  writ of habeas corpus.

8      A one-year limitation period for seeking federal habeas

9  relief begins to run from the latest of the date the judgment

10  became final on direct review, the date on which a state-created

11  impediment to filing is removed, the date the United States

12  Supreme Court makes a new rule retroactively applicable to cases

13  on collateral review or the date on which the factual predicate

14  of a claim could have been discovered through the exercise of due

15  diligence.  28 U.S.C. § 2244(d)(1).  The period began to run from

16  the date the judgment of conviction became final based on the

17  expiration of the time for seeking review from the California

18  Court of Appeal.  See 28 U.S.C. § 2244(d)(1)(A); Smith v. Duncan,

19  297 F.3d 809 (9th Cir. 2002).  Under California law, the

20  conviction became final June 25, 1997, --forty (40) days after

21  the California Court of Appeal filed its opinion.  See Cal. Rules

22  of Court, rules 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a.

23  A properly filed state post conviction application tolls the

24  statute of limitations.  28 U.S.C. § 2244(d)(2).  In California,

25  a properly filed post conviction application is "pending" during

26  the intervals between a lower court decision and filing a new

2

petition in a higher court.  <u>Carey v. Saffold</u>, 536 U.S. 214, 223 (2002).

Petitioner had until June 25, 1998, to file a federal application and so absent tolling, petitioner's June 22, 2005, application is untimely.

Neither the August 14, 2003, nor the December 30, 2003, petition provides a basis for statutory tolling because they were filed after the limitation period expired.  <u>See</u> <u>Fergusun v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d) does not permit re-initiation of the limitation period when it expires before a timely state petition for post-conviction relief was filed).

I find petitioner's June 22, 2005, petition is untimely.

For these reasons, respondent's August 10, 2005, motion should be granted and this action should be dismissed.

Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Within 20 days after being served with these findings and recommendations, petitioner may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated:  January 5, 2006.

   /s/ Peter A. Nowinski   
   PETER A. NOWINSKI
   Magistrate Judge